IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXA KITCHENGS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-5746** |
| | : | |
| **CINTAS CORPORATION NO. 2** | : | |

## ORDER

**AND NOW**, this 13th day of December 2024, upon considering Defendant's Motion to compel arbitration and stay (ECF 6), Plaintiff's Opposition (ECF 7), for reasons in today's accompanying Memorandum, and mindful of our collective obligations under Federal Rule 1 to ensure the oft-cited purposes of arbitration by monitoring cases stayed while remaining open on our dockets awaiting contractually mandated arbitration, it is **ORDERED** Defendant's Motion to compel arbitration and stay the case (ECF 6) is **GRANTED** requiring:

1. The parties proceed to arbitration consistent with the parties' Employment Agreement on the Plaintiff's claims and confirm beginning the arbitration process by no later than **January 7, 2025;**

2. We **stay** further obligations to allow the parties to proceed in contractual arbitration and then timely return to dismiss, vacate, or enforce a final award mindful extended delay in arbitration processes may run contrary to the established oft-cited purposes of arbitration and Federal Rule of Civil Procedure 1, requiring:

    a. Plaintiff file a Notice not exceeding two pages confirming the filing of the arbitration under this Order by no later than **January 8, 2025;**

    b. Defendant file joint status memoranda not exceeding five pages on **April 10, 2025** and every thirty days thereafter confirming the parties' and arbitrator's specific progress until final award or dismissal in the arbitration;

    c. Defendants file a Notice within three days of a dismissal or a final award; and,

    3. Mindful the parties would likely secure a final order in this Court before July 10, 2025 absent the contractually-mandated arbitration, we grant the parties leave to **show cause** in memoranda not exceeding ten pages filed on or before **July 24, 2025** as to why we should not dismiss this case without prejudice to a party filing a new related action solely to enforce or vacate the final arbitration award without the concerns under Rule 1 should a party be unable to earlier move to enforce or vacate.

                       _/s/ Kearney_
                         **KEARNEY, J.**